IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICKY L. SCHMIDT,              )
                               )
                   Plaintiff,  )
                               )
v.                             )      Case No. 13-1237-MLB-KGG
                               )
TAYLOR WINE, *et al.*,         )
                               )
                  Defendants.  )
_____)

# MEMORANDUM AND ORDER

Before the Court is the "Motion to Compel Arbitration and to Stay Further Proceedings" filed by Defendant Wells Fargo Bank, N.A. (Doc. 15) and supporting Memorandum (Doc. 16). Plaintiff failed to file a response pursuant to D. Kan. Rule 6.1(d)(1) and the time to do so has expired. Defendant's motion is, therefore, **GRANTED** as uncontested pursuant to D. Kan. Rule. 7.4. Even so, the Court will address the substantive aspects of Defendant's motion.

# FACTUAL BACKGROUND

Plaintiff, representing himself *pro se*, filed his federal court Complaint on June 18, 2013, alleging violations of his Constitutional rights resulting from "actions of defendants creating a probable cause when there was none so as to bring a worthless check charge against Plaintiff." (Doc. 1, at 2.) Defendant

specifically alleges that Defendant Wells Fargo Bank, N.A. (hereinafter "Defendant Bank") "was negligent in apparently accepting a counterfeit payment order and processing it as if it were a legitimate check and then unlawfully reversing the payment order." (*Id*., at 2-3.)

Defendant Bank filed the present motion (Doc. 15) on July 15, 2013. The motion seeks an Order compelling arbitration and staying further proceedings pursuant to the dispute resolution program portion of the "Consumer Account Agreement" (Doc. 16-2) relating to Plaintiff's checking account with Defendant Bank (hereinafter "the Agreement").

On July 29, 2013, Defendant Taylor Wine filed a Motion to Dismiss. (Doc. 20.) This motion is currently pending before the District Court.

On July 30, 2013, the District Judge assigned to this case entered an Order (Doc. 22) on Plaintiff's "Consent Withheld to Proceed Before a Magistrate Judge" (Doc. 10.) Therein, the District Court instructed the undersigned Magistrate Judge to consider "whether to issue an order to show cause whether some or all of plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)." (Doc. 22, at 1.) The Order continued that "[i]f the magistrate judge issues an order to show cause, [the District Court] suggests, but does not order, that discovery and

other customary preliminary proceedings be held in abeyance pending final outcome of the order to show cause." (*Id.*, at 2.)

Subsequently, a Motion to Dismiss was filed on behalf of Defendants Brenda Cherry, Brandon Jones, Randy Rogers, and Douglas Witteman. (Doc. 23.) This motion is pending before the District Court. These Defendants contemporaneously filed a Motion to Stay Discovery (Doc. 25), which is pending before the undersigned Magistrate Judge. A Motion to Dismiss was also filed by Defendant Bryan Stert, which is pending before the District Court.[1] (Doc. 26.)

## MAGISTRATE'S AUTHORITY TO STAY PROCEEDINGS AND COMPEL ARBITRATION

A federal magistrate judge may rule on non-dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A). The District Courts that have considered the nature of an order to stay proceedings pending arbitration and to compel arbitration have concluded that these are non-dispositive orders. **Torrance v. Aames Funding Corp.**, 242 F.Supp. 2d. 862, 865 (D. Or. 2002); **Herko v. Metro. Life Ins. Co.**, 978 F.Supp. 141, 142 n.1 (W.D.N.Y. 1997); *see also* **Touton, S.A. v. M.V. Rizcun**

---

[1] With all of the above-referenced Motions to Dismiss currently pending before the District Court, the undersigned Magistrate finds it unnecessary to now issue a "show cause" Order.

3

*Trader*, 30 F.Supp. 2d 508, 509 (E.D. Pa. 1998) (staying proceedings pending arbitration is not injunctive relief under 28 U.S.C. § 636(b)(1)(A)).

In *Herko*, the court discussed the matter in detail and concluded that

> § 9 of the FAA requires that the parties to arbitration must apply to the court for an order confirming an arbitration award, which shall be granted unless the award is vacated, modified or corrected in accordance with 9 U.S.C. §§ 10 and 11. Section 10 provides federal district courts with authority to make an order vacating an arbitration award, while § 11 permits modification of the same. Thus, as enacted, the FAA$^2$ provides that there is no final exercise of Article III power until after arbitration is complete and the arbitrator's decision is either affirmed, modified, or vacated by the district court judge where the actions remain lodged.

978 F.Supp. at n. 1. The Court, therefore, concludes that a motion to compel arbitration is non-dispositive.

The Tenth Circuit has taken a somewhat different approach concerning § 9 of the FFA, holding that judicial confirmation of an arbitration award is not "required." In *P&P Industries, Inc. v. Sutter Corp*., the Tenth Circuit held that "a district court has no power to confirm an arbitration award under § 9 of the FAA unless the parties have agreed, explicitly or implicitly, that any eventual arbitration award shall be subject to judicial confirmation." 179 F.3d 861, 866 (citing

---

$^2$ The Federal Arbitration Act.

4

*Oklahoma City Assocs. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 794-95 (10th Cir. 1991)).

The Agreement at issue does not explicitly anticipate judicial review of an arbitration award. (*See* Doc. 16-2, at 7-8.) The Agreement does, however, state that it and any resulting arbitration "are governed by the provisions of the Federal Arbitration Act (Title 9 of the U.S. Code)...." (*Id.*, at 7.) The Tenth Circuit has held that such language amounts to an implicit agreement that any eventual arbitration award shall be subject to judicial confirmation. **P&P Industries, Inc. v. Sutter Corp**., 179 F.3d at 866-68. Accordingly, because an Article III judge will ultimately be required to confirm, modify, or vacate any arbitration award, the order to stay proceedings and compel arbitration is non-dispositive and is within the magistrate's authority.

## STANDARD FOR DECIDING THIS MOTION

In deciding a motion to stay proceedings and a motion to compel arbitration, the Court follows a procedure similar to that used in ruling on a motion for summary judgment. **Phox v. Atriums Mgmt. Co.**, 230 F.Supp. 2d 1279, 1282 (D. Kan. 2002); **Klocek v. Gateway, Inc.**, 104 F.Supp. 2d 1332, 1336 (D. Kan. 2000). As the parties seeking to compel arbitration, Defendants bear the initial burden of showing that they are entitled to arbitration. **Phox**, 230 F.Supp. 2d at 1282. If they

satisfy this requirement, the burden then shifts to Plaintiff to show a genuine issue for trial, as provided under 9 U.S.C. § 4. *See id.*

Although § 4 of the FAA calls for a hearing (and perhaps a jury trial) when the parties disagree over whether there is an agreement to arbitrate, or whether one party has failed to comply with the agreement,[3] courts interpreting this language have adhered to traditional requirements for hearings and juries. Hence, a court need not hold a hearing when the issues presented pose questions of law only. ***Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.***, 706 F.2d 155, 159 (6th Cir. 1983); ***International Union of Operating Eng'rs, Local Union No. 139 v. Carl A. Morse, Inc.***, 529 F.2d 574, 581 (7th Cir. 1976). Similarly, the party opposing arbitration cannot obtain a jury trial without producing some evidence upon which a jury could find for him. *See **Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.***, 961 F.2d 1148, 1154 (5th Cir. 1992). Because Kansas considers the interpretation of unambiguous contract terms to be a question of law, ***Reimer v.***

---

[3] Section 4 of the FAA states, "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. §4. Here, neither party disputes making the arbitration agreement. Rather, they dispute whether Plaintiff has failed to comply with the arbitration provision based on differing interpretations of the scope of the Agreement. (Doc. 5 at 2; Doc. 8 at 1.). Accordingly, they disagree on the "failure, neglect, or refusal to perform the same." 9 U.S.C. § 4; ***Saturday Evening Post Co. v. Rumbleseat Press, Inc.***, 816 F.2d 1191 (7th Cir. 1987).

*Waldinger Corp.*, 265 Kan. 212, 214, 959 P.2d 914, 916 (1998), a hearing will only be required if Plaintiff raises genuine issues of material fact regarding whether the parties agreed to arbitrate the claims Plaintiff raises in this suit. Because Plaintiff has failed to respond to Defendant Bank's motion, no genuine issues of material fact are before the Court.

## ENFORCEABLE AGREEMENT TO ARBITRATE

In order to be enforceable, any agreement to arbitrate must be in writing. 9 U.S.C. § 2. The Court finds that the Agreement at issue constitutes a written agreement between the parties to arbitrate their disputes. The FAA does not require that agreements to arbitrate be signed. Thus, the Court finds the existence of a written agreement to arbitrate disputes arising under or related to the Agreement in the matter before the Court. Furthermore, there is nothing in the arbitration clause of the Agreement that would otherwise render it unenforceable. *See* **Shankle v. B-G Maint. Mgmt. of Colo., Inc.**, 163 F.3d 1230, 1234 (10th Cir. 1999); **Cole v. Burns Intern. Sec. Services**, 105 F.3d 1465, 1482 (D.C. Cir. 1997).

## SCOPE OF ARBITRATION

In order to complete the inquiry under sections 3 and 4 of the FAA, the Court must determine whether the disputes at issue fall within the scope of the arbitration provision. *See* 9 U.S.C. §§ 3-4. Because federal policy favors

arbitration, any ambiguities regarding the scope of the agreement to arbitrate should be resolved in favor of arbitration. ***Mastrobuono v. Shearson Lehman Hutton, Inc.*** 514 U.S. 52, 62, 112 S. Ct. 1212, 1218, 131 L. Ed. 2d 76 (1995); ***Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.***, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983); ***Williams v. Imhoff***, 203 F.3d 758, 764 (10th Cir. 2000). Moreover, disputes concerning "whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court" to decide. ***Howsam v. Dean Witter Reynolds,*** Inc., 537 U.S. 79, 83, 123 S.Ct. 588, 592, 154 L.Ed.2d 491 (2002).

The arbitration clause at issue has a broad scope, defining "dispute" as

> any unresolved disagreement between you and the Bank. It includes any disagreement relating in any way to services, accounts or matters; to your use of any of the Bank's banking locations or facilities; or to any means you may use to access your account(s). It includes claims based on broken promises or contracts, torts, or other wrongful actions. It also includes statutory, common law, and equitable claims.
>
> 'Disputes' include disagreements about the meaning, application or enforceability of this arbitration agreement.

(Doc. 16-2, at 7.) Accordingly, any causes of action resulting from or related to the Agreement would fall within the scope of the arbitration clause. *See **P & P***

*Industries, Inc.*, 179 F.3d at 871 (citing ***Prima Paint Corp. v. Flood & Conklin Mfg. Co.***, 388 U.S. 395, 398, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967)).

Because the Agreement is facially valid – and Plaintiff has failed to object to the enforcement of the Agreement or otherwise respond to Defendant's motion – Defendant Bank's "Motion to Compel Arbitration and to Stay Further Proceedings" (Doc. 15) is **GRANTED**. This Order shall apply to any proceedings relating to Defendant Bank. The Court will address the Motion to Stay Discovery (Doc. 25) filed on behalf of other Defendants when that motion becomes ripe.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Arbitration and Stay Further Proceedings (Doc. 15) is **GRANTED**, and all proceedings in this matter relating to Defendant Wells Fargo Bank, N.A. shall be **STAYED** pending arbitration of the claims presently asserted by Plaintiff.

**IT IS FURTHER ORDERED** that the Plaintiff and Defendant Wells Fargo Bank, N.A. shall proceed to arbitration in accordance with the provisions of the arbitration clause.

**IT IS FURTHER ORDERED** that the District Court shall retain jurisdiction to review, modify, or vacate any arbitration awards, should Plaintiff

and/or Defendant Wells Fargo Bank, N.A. choose to seek such action as permitted by the Federal Arbitration Act.

**IT IS FURTHER ORDERED** that Plaintiff and Defendant Wells Fargo Bank, N.A. shall file a <u>joint</u> status report, not less than once every six (6) months (to begin six months from the date of this Order), regarding the progress of the arbitration.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, this 5th day of August, 2013.

                                        S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        U.S. MAGISTRATE JUDGE